Nochi Blue LLC v Board of Mgrs. of Franklin Place Condominium
2026 NY Slip Op 03884
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nochi Blue LLC, Plaintiff-Appellant,
v
Board of Managers of Franklin Place Condominium, Defendant-Respondent.
Board of Managers of Franklin Place Condominium, Third-Party Plaintiff-Respondent,
Broadway 371, LLC, Third-Party Defendant-Respondent.

Decided and Entered: June 18, 2026
Index No. 651571/20 595986/20|Appeal No. 6909|Case No. 2024-06485|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Cullen and Dykman LLP, New York (Kyle G. Kunst of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Stephen H. Orel of counsel), for Board of Managers of Franklin Place Condominium, respondent.
Linton Robinson & Higgins, LLP, New York (Matthew J. Ayers of counsel), for Broadway 371, LLC, respondent.

[*1]
Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about September 26, 2024, which, to the extent appealed from as limited by the briefs, granted the motions by defendant Board of Managers of Franklin Place Condominium and third-party defendant Broadway 371, LLC for summary judgment dismissing certain elements of damages alleged to have been incurred by plaintiff's principal, unanimously modified, on the law, to reinstate plaintiff's claims for damages related directly to the investigation of the conditions in the subject condominium unit, and otherwise affirmed, without costs.
The motion court properly determined that plaintiff, an entity formed by an individual, its sole member, to own the subject condominium unit, cannot recover damages from defendant board of managers that were personal to the principal, having arisen from his inability to occupy the condominium unit as a result of alleged construction defects. Although plaintiff seeks to pierce its own corporate veil, arguing that it and its principal are alter egos, courts are reluctant to engage in such "reverse" veil piercing absent equitable concerns affecting third parties that do not exist here, such as in the contexts of bankruptcy or estate proceedings (see Corcoran v Hall & Co., 149 AD2d 165, 174-175 [1st Dept 1989]).
Plaintiff's contention that defendant disregarded the separate identities of plaintiff and its principal is not supported by the record. Although at the time of plaintiff's purchase of the condominium unit defendant's managing agent sought the principal's personal financial information and referred to him, and not plaintiff, as the "applicant," those initial, informal instances do not establish an ongoing practice of entirely disregarding the corporate form (cf. Musico v Champion Credit Corp., 764 F2d 102, 109 [2d Cir 1985] ["The commercial basis of the parties' relationships was the manifest understanding that the estate was the alter ego of the corporations"]).
[*2]
While the principal's choice to own the unit through plaintiff entity precludes plaintiff's claims for damages that were incurred by the principal for such personal expenses as the cost of relocation, parking, and similar damages, plaintiff has a claim for damages with respect to those expenses related directly to the investigation of the unit's condition, including the cost of temperature and humidity devices from Micro DAQ to log those conditions and Zale Contracting's construction work associated with opening and closing the walls for the engineering investigation. To be sure, the record reflects that some of these expenses were paid by plaintiff's principal, but these damages were directly related to a potential claim that would belong to plaintiff as opposed to the more indirect expenses made by the principal for his own personal benefit while he attempted to resolve the problems with the condominium unit. Under the circumstances, there is no need to disregard the corporate form so that plaintiff can submit proof at trial that it incurred these damages (see e.g. Bapaz NYC W. 46 St Group LLC v ASSA Props. Inc., 238 AD3d 654, 655 [1st Dept 2025]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026